UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JOHN R. JENNINGS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:11CV00083 DDN |
| | ) |
| SHANNON LEE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 189408), an inmate at Eastern Reception, Diagnostic and Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $6.50. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $32.50, and an average monthly balance of $3.39.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $6.50, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff, an inmate at ERDCC, seeks monetary and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983 for alleged constitutional violations that occurred while he was incarcerated at Moberly Correctional Center in July of 2010.  Plaintiff asserts that he was accused by defendants of acting as the "lookout guy" while two inmates fought one another.

Plaintiff alleges that defendants issued him a false conduct violation, denied his request for "counsel substitute" at an administrative hearing, and denied him the right to present documentary evidence and call witnesses on his own behalf.  Plaintiff additionally claims that defendants failed to follow their own guidelines with respect to processing his grievances regarding the incident and unlawfully denied his grievances.  Plaintiff also claims, in a conclusory manner, that he was "conspired against" and denied "equal protection under the law." Plaintiff states that he was placed in administrative segregation for an unspecified time following a finding of guilt on the conduct violation.  Plaintiff fails to state any additional information qith regard to his time in administrative segregation.

## Discussion

Plaintiff's claims that defendants failed to follow the institutional grievance procedures fails to state a claim under § 1983.  "In the context of a state prison system,

an inmate grievance procedure is not constitutionally required." Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). "If the state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights. Therefore, a state's failure to follow its grievance procedures does not give rise to a § 1983 claim." Id.

Plaintiff's due process claims will also be dismissed as legally frivolous. His allegations do not implicate constitutionally-protected interests, because plaintiff has not set forth any indication that they constitute an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484–85 (1995). Moreover, plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship in which the state might conceivably create a liberty interest. Cf. Id. at 485–86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); Hemphill v. Delo, 124 F.3d 208 (8th Cir.1997) (same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); Freitas v. Ault, 109 F.3d 1335, 1337–38 (8th Cir.1997) (same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir.1996) (same; ten days disciplinary detention and 100 days in maximum-security cell); Moorman v. Thalacker,

83 F.3d 970, 973 (8th Cir.1996) (same; fifteen days of highest-level disciplinary detention and 107 days of less-restrictive disciplinary detention). For these reasons, the Court will dismiss plaintiff's due process claims.

Plaintiff's conclusory allegations that he was denied "equal protection under the law" fail to state a claim for relief, as plaintiff has not alleged that he was a member of a suspect class or that others who were similarly situated were treated differently. Central Airlines, Inc. v. United States, 138 F.3d 333, 334-35 (8th Cir.1998); Brandt v. Davis, 191 F.3d 887, 893 (8th Cir.1999); Flowers v. City of Minneapolis, 558 F.3d 794, 799 (8th Cir.2009).

Lastly, plaintiff's statement that defendants "conspired" against him, without more, is not sufficient to state a conspiracy claim. To properly plead a claim for civil conspiracy under § 1983, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy before such a claim can withstand a motion to dismiss. See Mershon v. Beasely, 994 F.2d 449, 451 (8th Cir. 1993).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $6.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

So Ordered this 28th day of November, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE